UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICKEY WILLIAMS #376249,

    Plaintiff,

v.                                                        3:06-cv-409

RANDY HOLT, GREG DALTON,
TRAVIS STANSBERRY, and
DUSTY BURCH,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction. The defendants are four former deputies with the Grainger County Sheriff's Department. They were named as defendants, in addition to others, in another civil rights action which remains pending in this court. *Mickey Williams v. Randy Holt, et al.*, Civil Action No. 3:02-cv-634 (E.D. Tenn.). In that case, plaintiff unsuccessfully attempted to serve these four defendants, and on November 10, 2005, the court granted the defendants' motion to dismiss based upon insufficiency of service of process; Randy Holt, Greg Dalton, Travis Stansberry, and Dusty Burch were dismissed as defendants. *Id*. (Court File No. 84). Plaintiff has now filed this action against defendants Holt, Dalton, Stansberry, and Burch on the same facts and allegations as in the prior action, and seeks to consolidate the two cases.

The incidents that form the basis of plaintiff's complaint occurred in 2002; plaintiff filed the pending action on October 24, 2006.[1] Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

---

[1]Although the court received the complaint on October 26, 2006, the envelope shows that it was received by the prison mail room on October 24, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

If it is obvious from the face of the complaint that the plaintiff's cause of action is clearly barred by the applicable statute of limitation, the district court may *sua sponte* dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See, e.g., Day v. E.I. Du Pont De Nemours and Company*, No. 97-6233, 1998 WL 669939 *1 (6th Cir. September 17, 1998) (unpublished decision) ("a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face").

Plaintiff contends his action should not be time-barred, because the prior action was timely filed and the dismissal of the defendants from the prior action was not a dismissal on the merits. He relies on Tennessee's savings statute, which provides in relevant part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a).

In Tennessee, "[a]ll civil actions are commenced by filing a complaint with the clerk of the court." Rule 3 of the Tennessee Rules of Civil Procedure. Rule 3 also provides that "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *Id*. Rule 3 goes further, however, and states as follows:

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

*Id*.

Plaintiff's original action has a convoluted and protracted history. It was timely filed on November 15, 2002. *Mickey Williams v. Randy Holt, et al.*, Civil Action No. 3:02-cv-634 (E.D. Tenn.). Due to confusion over whether plaintiff complied with the deficiency order, his case was dismissed without prejudice on February 3, 2003, and reopened on November 18, 2003. *Id*. (Court File Nos. 4 & 15, respectively, Orders of the Court). Process then issued on December 11, 2003. The four defendants in this case were served by certified mail, failed to answer, and eventually were dismissed based upon plaintiff's failure to prosecute as evidenced by his failure to seek judgment by default. *Id*. (Court File No. 41, Order entered September 30, 2004).

On plaintiff's motion, the court subsequently reinstated the four defendants and ordered them to show cause why they had failed to answer the complaint. *Id*. (Court File No. 48, Order entered December 8, 2004). In response, the four defendants appeared specially by counsel to contest the service by certified mail because the return receipt was signed by the secretary to their former employer, who was not authorized to act on their behalf. *Id*. (Court File No. 49, Response filed December 22, 2004). The court then directed the Clerk

to issue summonses for the four defendants to plaintiff for service of process. *Id*. (Court File No. 56, Order entered February 3, 2005).

Although plaintiff then served each of the four defendants by certified mail with a copy of the summons, he did not included a copy of the complaint as required by Rule 4.04(10) of the Tennessee Rules of Civil Procedure. For that reason, the court granted the defendants' motion to dismiss for insufficiency of service of process. *Mickey Williams v. Randy Holt, et al.*, Civil Action No. 3:02-cv-634 (E.D. Tenn.) (Court File No. 84, Order entered November 10, 2005).

Plaintiff filed this action within one year of the dismissal of the four defendants from the previously filed action. However, because plaintiff did not obtain issuance of new process until February 3, 2005, which was more than one year after the issuance of original process on December 11, 2003, the savings statute does not apply.[2] *See, e.g., Little v. Franceschini*, 688 S.W.2d 91, 93-94 (Tenn. Ct. App. 1985) (savings statute inapplicable when plaintiff fails to timely reissue process); *see also Federal Deposit Insurance Corporation v. Cureton*, 42 F.2d 887, 892 (6th Cir. 1988) (plaintiff can rely on the original filing date so long as he reissues process in compliance with Rule 3). Accordingly, plaintiff's complaint is barred by the statute of limitation and is **DISMISSED** *sua sponte*, as

---

[2]As noted by the court in the previously filed action, plaintiff was sent a copy of the docket sheet on March 22, 2004, at his request, and thus was on notice that the four defendants had failed to answer the complaint. He was sent another docket sheet on July 1, 2004, which also would have shown that the defendants had failed to file an answer. Plaintiff was thus obligated to monitor his case to determine whether the defendants had been properly served with process. *Mickey Williams v. Randy Holt, et al.*, Civil Action No. 3:02-cv-634 (E.D. Tenn.) (Court File No. 84, Order entered November 10, 2005, granting defendants' motion to dismiss).

frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that

the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

                                                                      s/ James H. Jarvis
                                                       United States District Judge